FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ AUG 27 .... ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WOLFGANG FUERST

    Plaintiff,

vs.

HANNELORE FUERST,

Defendant

**CV 10-3941**

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

SPATT, J.

LINDSAY, M.J.

---

Plaintiff Wolfgang Fuerst by his attorneys Seligman & Seligman for his complaint against the defendant alleges the following:

## BACKGROUND

**1.** This is a civil action seeking damages against defendant for abuse of process on the grounds that defendant commenced an action for divorce against the plaintiff not for the purpose of obtaining a divorce but for the purpose of defrauding plaintiff and usurping his separate property.

## PARTIES AND JURISDICTION

1. Plaintiff is a permanent resident of Germany; he resides at Fritz Meyer Strasse 17, 30812 Garbsen, Germany and has dual citizenship of United States and Germany.

2. Defendant Hannelore Fuerst is the wife of the plaintiff and resides at 365 Stewart Avenue, Apt. 19B, Garden City, State of New York

3. There is complete diversity of citizenship between plaintiff and defendant, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $500,000. Therefore, this court has jurisdiction over the subject matter of the action pursuant to *28 U.S.C. § 1332(a)*.

4. The Eastern District of New York is the proper venue for this case under 28 U.S.C. §1391 since the defendant resides in this district, and the underlying action and the facts that form the basis for this complaint are all based in this district.

## STATEMENT OF FACTS

5. On or about November 17, 2008, defendant commenced an action for divorce against the plaintiff by an "emergency" order to show cause in the Supreme Court of the State of New York, County of Nassau, entitled HANNELORE FUERST v. WOLFGANG FUERST.

6. Falsely alleging that plaintiff had millions of dollars of hidden assets, defendant commenced said action not for the purpose of obtaining a divorce, but for the sole purpose of usurping plaintiff's separate property to which defendant was not entitled both under New York Equitable Distribution Law and also because the parties had entered into a fully executed and binding pre-nuptial agreement prior to the marriage in Nienburg, Germany wherein they chose to exclude the statutory regime of matrimonial property, chose the separation of property instead and recorded their agreement in the Nienburg Magistrate's Court, Marriage Property Register on September 8th, 1967.

7..The order to show cause served upon plaintiff contained restraining orders as against plaintiff's separate property which were granted based on false statements and misrepresentations; defendant's intent being not to further an action for divorce but calculated and designed to deceive the Court so as to deprive the plaintiff of his right to separate property.

8. Without plaintiff having had an opportunity to be heard and based on allegations with no evidence in support, plaintiff's bank, brokerage and IRA accounts were restrained, together with all income from those accounts.

9. Although defendant in her complaint failed to state a cause of action which would end a forty one year old marriage, in her sworn papers, defendant made startling and unequivocally false allegations that plaintiff systematically secured millions of

dollars of marital funds and hid them in numerous bank accounts in various countries in Europe to which defendant has no access.

10. On November 24, 2008, defendant told plaintiff that she did not then or ever in the future intend to get a divorce from him, but that she brought the action for divorce against him for the sole purpose of getting all of his assets so that she could purchase an apartment at the Wyndham in Garden City. New York as she had an overwhelming desire to reside at the Wyndham.

11. At each appearance before the Nassau County Supreme Court, defendant through her attorney repeatedly made false accusations against the plaintiff on the record and in chambers and pretended to the Court that she was making progress in tracking down non-existent accounts, in, among other places, France and Switzerland.

12. During the course of discovery proceedings, plaintiff answered all interrogatories, appeared twice for depositions, produced income tax returns with supporting documentation, produced foreign-national reports, loan applications, inheritance papers, hundreds of bank statements, hundreds, perhaps, thousands of documents and cooperated in every possible manner with defendant's inquiries.

13. In turn, in order to determine whether there was a factual basis for defendant's allegations, plaintiff served interrogatories and conducted a deposition of the defendant. Although defendant resisted and was less than candid in both her answers to the interrogatories and during her deposition, it is clear from her deposition that she has no grounds for the accusations she makes against the plaintiff.

14. At page 225 of her deposition which took place on August 3, 2009, defendant makes the irrational statement that proof of *hidden* assets can be found in the parties' *joint income tax returns*.

15. Defendant intentionally inflicted emotional distress on the plaintiff by the constant repetition of false allegations against him accusing him of criminal behavior, tax fraud and filing false documents.

16. Defendant's false accusations were part and parcel of her ploy to intimidate plaintiff, wear him down, coerce him and extort funds from him to which she was not entitled.

17. In November of 2009, plaintiff agreed to settle the matrimonial matter for a sum certain which would force him to go into debt but he was ready and willing to do so because he was in great distress and emotional turmoil and wanted an end to the litigation.

18. After the settlement was placed upon the record in the Supreme Court of Nassau County, defendant, without just cause or explanation, failed to follow through with the terms of the settlement agreement, breached said agreement by failing to file a stipulation of discontinuance and to abide by any of the terms and conditions of the stiupulation causing plaintiff additional emotional and physical distress and litigation expenses.

19. On June 24, 2010, on motion, the Supreme Court of the County of Nassau relieved the parties from the consequences of the stipulation.

19. On July 19, 2010 served defendant with an amended complaint seeking a separation decree.

## **CLAIM FOR RELIEF**

17. As a result of the bogus divorce action, plaintiff has been deprived of the use of his separate property and the income from that property since November of 2008. The property restrained by defendant's action has a value of at least $500,000. The income to which plaintiff has been deprived is approximately $50,000.

18. As a result of the preceding, plaintiff has been traumatized and has been and is suffering from extreme emotional distress and has otherwise been damaged in a sum no less than $500,000.

19. As a result of the preceding, plaintiff was compelled to employ an attorney to defend him against false allegations and to attempt to recover his property and has otherwise been damaged in a sum no less than $100,000.

## PRAYER

WHEREFORE, Plaintiff demands judgment against defendant;

A. In the sum of at least $1,200,000 as and for compensatory damages;

B. For costs of suit; and

C. Any and all other relief to which the plaintiff may be entitled including punitive damages.

Dated: July 21, 2010

_____ DS/3343
**SELIGMAN & SELIGMAN**
*70 Main Street*
*Kingston, NY 12401*
*845 338 4100*