**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
WOLFGANG FUERST,

                 Plaintiff,

          -against-              **MEMORANDUM OF**
                                    **DECISION AND ORDER**
                                    10-CV-3941

HANNELORE FUERST,

                 Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Seligman & Seligman**
*Attorneys for the plaintiff/counterclaim defendant*
70 Main Street
Kingston, NY 12401
      By: Delice F. Seligman, Esq., Of Counsel

**Carway & Flipse, Esqs.**
*Attorneys for the defendant/counterclaim plaintiff*
194 Old Country Road
Mineola, NY 11501
   By:  Adrienne F. Hausch, Esq., Of Counsel

**SPATT, District Judge**.

On December 9, 2011, the Court issued an order granting in part and denying in part the Defendant's motion for sanctions against the Plaintiff ("Order"). (Docket Entry # 37.) In particular, the Court denied the Defendant's motion for sanctions as against the Plaintiff based on his alleged improper purpose in filing the complaint and against the Plaintiff's attorney for filing a frivolous action, but granted the motion for sanctions as against the Plaintiff's attorney based on the Plaintiff's failure to withdraw the complaint within the safe harbor provision provided by Rule 11(c)(2). Based on these rulings, the Court: (1) imposed sanctions on the Plaintiff's attorney, Delice Seligman, Esq., in an amount to be determined following the

1

Defendant's submission of her costs and attorney's fees incurred in filing and litigating the motion for sanctions; (2) directed the Defendant to submit within 10 days of the date of the order, records reflecting the hours expended by her attorney and the costs incurred in filing and defending the motion for sanctions; and (3) affording the Plaintiff an opportunity to respond to the amount of sanctions within five days of the receipt of the Defendant's application.

On December 15, 2011, counsel for the Defendant, Adrienne Flipse Hausch, submitted an affidavit requesting: (1) $6,926 in legal fees relating to the preparation of the sanctions motion and related concerns and (2) an additional $3,381.50 for the preparation of the motion to dismiss. On December 20, 2011, counsel for the Plaintiff, Delice Seligman, submitted a response not only objecting to the amount of sanctions, but to the imposition of the sanctions.

As an initial matter, the Court will not consider anew the merits of the Defendant's motion for sanctions. Ms. Seligman had ample opportunity to respond to the arguments raised by the Defendant in her opposition to the motion and failed to do so. The Court rejects her improper and informal attempt to seek reconsideration of the Court's decision.

Moreover, the majority of the contentions in her recent submission relate to the propriety of awarding sanctions in the absence of bad faith, egregious conduct, or an improper purpose. However, none of the cases or arguments change the fact that, as of September 1, 2010, there was a signed Settlement agreement binding on both parties, discharging the claims in the complaint, and yet the Plaintiff failed to withdraw the complaint within the 21 days provided by the safe harbor rule. It was on this basis, and this basis alone, that the Court imposed sanctions. As Ms. Hausch correctly informed Ms. Seligman in correspondence related to the sanctions motion, the safe harbor period was governed by the Federal Rules of Civil Procedure, and the Defendant was under no separate obligation to inform the Plaintiff of the rule.

2

Turning to the amount of sanctions, the Court first rejects the Defendant's request for the costs associated with filing the motion to dismiss. The Court explicitly rejected this request in the December 9, 2011 order, stating:

> The Defendant requests that the Court sanction the Plaintiff's attorney by requiring her to pay the Defendant's attorney's fees and costs associated with opposing the complaint, including the filing of the answer, counterclaim complaint, motion to dismiss and motion for sanctions. However, because the Court declines to award sanctions based on the Plaintiff's initial filing of the complaint, and because the Defendant's counterclaim complaint was filed despite the absence of this Court's subject matter jurisdiction, the Court finds that the proposed sanction is not warranted.

(Order at 15–16.) The Court sees no reason to disregard this ruling.

In the Second Circuit, attorney's fees are determined by calculating the "presumptively reasonable fee". Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 117–18 (2d Cir. 2007), amended on other grounds, 522 F.3d 182 (2d Cir. 2008). The "presumptively reasonable fee" is "comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours". Finkel v. Omega Commc'n Servs., Inc., 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing Arbor Hill, 522 F.3d at 189); see Cruz v. Local Union No. 3 of the Int'l Bd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). In assessing the presumptively reasonable fee, the Second Circuit has instructed that courts should consider the factors articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). See Arbor Hill, 522 F.3d at 190. As summarized by the Second Circuit, the Johnson factors relevant to a court's consideration are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time

3

>limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 186 n.3 (citing Johnson, 488 F.2d at 717–19).

Here, the Plaintiff objects to both the reasonableness of the hours expended and the reasonable hourly rate.

A reasonable hourly rate is "the rate a paying client would be willing to pay," which a court should determine "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. In addition, in assessing an attorney's reasonable hourly rate, a court is also required to adhere to what is referred to as the "forum rule". Pursuant to the "forum rule", the Second Circuit has instructed that courts should use the "prevailing [hourly rate] in the community" in determining the reasonable hourly rate. Id. (citing Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). For the purposes of calculating the reasonably hourly rate under the forum rule, the relevant "community" is "the district where the district court sits". Id. (citing Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983)); see also Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998) (finding that district court did not abuse its discretion by reducing fees so that they were line with other fees awarded in the Eastern District of New York); Luciano v. Olsten Corp., 109 F.3d 111, 115–16 (2d Cir. 1997) (holding that district court, in setting fees, appropriately relied upon prevailing market rates in the Eastern District of New York where the case was commenced and litigated). Furthermore, as the Second Circuit noted in Arbor Hill "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate". Arbor Hill, 522 F.3d at 184 n.2.

The Defendant seeks attorney's fees based on the following hourly rates charged by attorneys and staff at: (1) $495 for work performed by partner Adrienne Flipse Hausch; (2) $395 for work performed by senior associate Daniel S. Gerson; (3) $200 for an unidentified law clerk; and (4) $150 for an unidentified paralegal. The Court finds that the requested hourly rates are in excess of the prevailing hourly rates in this district.

Without any supporting caselaw, the Hausch Declaration states that these rates "are consistent with the rates charged by litigation attorneys in Nassau County, New York". (Hausch Decl., ¶ 5.) The Court disagrees. In 2011, the Second Circuit affirmed a district court decision holding that the prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour. Konits v. Karahalis, 409 F. App'x 418, 422–23 (2d Cir. 2011). Similarly, another court has recently observed that "reasonable fees in this district vary from $200 to $375 per hour for partners and $100 to $295 per hour for associates" and $70 to $80 for paralegals or legal assistants. Penberg v. HealthBridge Mgmt., No. 08-CV-1534, 2011 WL 1100103, at *6-7 (E.D.N.Y. March 22, 2011). Thus, the Court finds that the proposed hourly rates are in excess of the prevailing hourly rates in this District.

In the Hausch Declaration, Ms. Hausch states that her hourly rate is reasonable in light of her 30 years of litigation experience. Although the Court does not dispute that Ms. Hausch has a considerable amount of litigation experience, this alone does not support an hourly rate in excess of the prevailing rates for attorneys in this District. Also taking into consideration the other Johnson factors, the Court finds that the hourly rate of $350 takes into account Ms. Hausch's legal experience; the substantive and procedural demands of this litigation; and her expenditure of time and resources. In addition, the Court finds that this hourly rate represents that which a reasonable client would be willing to pay for the services rendered.

5

With respect to Mr. Gerson, the Hausch Declaration identifies him as a "senior associate" and provides no additional information about his education or experience. Based on the billing statement provided to the Court, it appears that Mr. Gerson did most of the research and initial drafting associated with the motion for sanctions. Accordingly, the Court finds that an hourly rate of $250 takes into account Mr. Gerson's seniority, and represents the hourly rate that a reasonable client would be willing to pay for his services rendered.

Finally, the Court must award a reasonable hourly rate for the unidentified law clerk and unidentified paralegal. The invoice includes the following entries: (1) "Concerns re filing of motion with federal court; scan papers and exhibits into system; correct memo of law"—billed at the law clerk rate; and (2) File Papers with Federal Court E system—billed at the paralegal rate. (Hausch Decl., Ex. B.) The Court finds that a reasonable hourly rate for the law clerk is $125 per hour. Also, the Court finds that for the administrative tasks performed by the paralegal, an hourly rate of $75 represents that which a reasonable client would be willing to pay for those services rendered.

After determining the reasonable hourly rate, a court must evaluate the number of hours reasonably billed for the work at issue in order to arrive at the presumptively reasonable fee. Arbor Hill, 522 F.3d at 189–90. In reviewing voluminous fee applications, it is unrealistic to expect courts to "evaluate and rule on every entry in an application." The Plaintiff challenges the Defendant's calculation based on the number of hours billed. Attorney's fees must be documented by "contemporaneously created time records that specify, for each attorney [and paralegal,] the date, hours expended, and the nature of the work done." Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 172 (2d Cir. 1998). A party seeking attorney's fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records.

6

Cho v. Koam Medical Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007).  Ms. Seligman claims that the Defendant has not met this burden.  The Court disagrees.  The Defendant has submitted invoices that detail the time expended by each individual timekeeper and the tasks they completed, which, with two exceptions noted below, do in fact fulfill the contemporaneous time record requirement.  To the extent any of the entries are vague, comparing the entries with the papers filed on the corresponding dates removes any ambiguity.

First, although the Defendant asserts that $990 was expended in preparation of the Hausch Declaration in support of the attorneys' fees, the Defendant does not provide contemporaneous time records for that work. (Hausch Decl., ¶ 7.)  Accordingly, the Court will not award the Defendant the $990 for the additional work performed in preparing the Hausch Declaration.

Moreover, despite the fact that the Court is not awarding attorney's fees for the preparation of the motion to dismiss, the Defendant nevertheless submitted an invoice with one entry where Gerson spent 2 hours to "revise and compile both motions".  In the Court's view, the only reasonable way to assess the hours worked solely on the motion for sanctions is to divide in half the hours for that particular entry.

Consistent with the above, the revised award of attorneys' fees is as follows:

**Revised Calculation of Attorneys' Fees**

| Date | Task | Rate | Quantity | Amount |
|---|---|---|---|---|
| 11/15/10 | Research re Rule 11; draft affidavit of client; Notice of Motion; begin attorney affidavit. | $250 | 3.75 | $937.50 |
| 11/16/10 | Finish Affidavit of attorney; draft memorandum of law | $250 | 4.25 | $1,062.50 |
| 11/18/2010 | revise and compile both motions | $250 | 1 | $250 |
| 12/07/2010 | Conference with Court | $350 | .25 | $87.50 |
| 12/08/10 | Revisions to memo of law | $350 | 1 | $350 |
| 12/20/2010 | Letter to Court | $350 | .25 | $87.50 |
| 12/30/2010 | Service concerns safe harbor service of sanction motion | $350 | .3 | $105 |
| 03/02/11 | Concerns re filing of motion with federal court; scan papers and exhibits into system; correct memo of law | $125 | 3.25 | $406.25 |
| 03/02/11 | Draft Letter to Court | $350 | .4 | $140 |
| 05/03/11 | Letter to adversary | $350 | .25 | $87.50 |
| 05/09/11 | File Papers with Federal Court E system | $75 | .5 | $37.50 |
| 05/17/11 | File papers with Court | $250 | 3.25 | $812.50 |
| TOTAL | | | | $4,363.75 |

Thus, for the foregoing reasons it is hereby,

**ORDERED**, that the Plaintiff's attorney, Delice Seligman is sanctioned in the amount of $4,363.75 to be paid within 10 days of the date of this order, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
April 5, 2012

                                                         /s/ Arthur D. Spatt
                                                     ARTHUR D. SPATT
                                        United States District Judge